IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0458-L-BK |
| | § | |
| IAB MARKETING | § | |
| ASSOCIATES, L.P., *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, Doc. 466, the Court now considers the Florida Receiver's *Motion (I) for Payment of Fees and Costs; (II) to Terminate HSP Receivership Estate; (III) to Discharge Receiver From Any Further Duties and Authorities; (IV) to Discharge Receiver's Bond; and (V) to Transfer Assets to Federal Trade Commission*, Doc. 460. For the reasons that follow, it is recommended the motion be **GRANTED**.

**I.   BACKGROUND**

This is a civil action prosecuted by the Federal Trade Commission ("FTC") against IAB Marketing Associates L.P. ("IAB") and others in connection with a telemarketing scheme. The case was transferred to this Court on February 26, 2014, from the District Court for the Southern District of Florida. Doc. 423; Doc. 424. On September 18, 2012, the Florida Court appointed John Arrastia, Jr. to serve as Receiver as to the HSP Defendants,[1] and authorized him to employ attorneys and other professionals as necessary and proper in connection with his duties and obligations. Doc. 17 at 26, 35. His appointment was continued in an order granting a preliminary injunction. Doc. 71 at 21. On February 19, 2013, the Florida Court entered its

---

[1] The HSP Defendants include Health Service Providers, Inc., Magnolia Technologies Corporation d/b/a Health Service Providers, Fav Marketing, Inc. d/b/a Health Service Providers.

*Stipulated Final Order of Permanent Injunction and Monetary Judgment*, which required the Receiver to submit a final report to the Court detailing the steps needed to wind down the HSP Defendants' affairs.  Doc. 193 at 17–18.  After numerous extensions, the Receiver filed his final report on July 3, 2014, contemporaneously with the motion *sub judice*.  Doc. 461.  The Receiver requests reimbursement for his reasonable professional fees and costs incurred in managing the HSP Defendants' business operations.  Doc. 461 at 6.

## II.   APPLICABLE LAW

In adjudicating an attorneys' fee award, a court first must calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The fee applicant bears the burden of proof on this issue.  *Louisiana Power*, 50 F.3d 324.  In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1]  *Id.* at 331.  "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

### III.  DISCUSSION

#### A.  Professional Fees and Costs

The Receiver seeks approval of $139,928.33 in fees and expenses for himself, Marcum LLP, and Meland Russin & Budwick P.A., for the period of October 31, 2012, through June 24, 2014.  Doc. 460-1 at 1, 11, 14, 35–38.  In support of his application, the Receiver has submitted an itemized list of the services rendered, as well as an itemized invoice of fees and expenses.  *See* Doc. 460-1.  These invoices reflect blended hourly rates in the amount of $296.25 for 65.8 hours of work as to John Arrastia, $191.47 for 451.2 hours of work as to Marcum LLP, and $258.34 for 125.6 hours of work as to Meland Russin & Budwick.  Doc. 460-1 at 10, 32, 35, 38, 56.  After a review the Receiver's application, supporting materials, and applicable law, the Court finds that the requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

The Receiver did not request an upward adjustment of his fee award.  *See Johnson*, 488 F.2d at 717–19.  The Court finds that no adjustment is necessary.  For the reasons stated above, the Court finds that the Receiver should recover $139,928.33 in fees and expenses for the period from October 31, 2012, through June 24, 2014, as reasonable and necessary incident to the Receiver's duties performed in these proceedings.

#### B.  Other Relief

The Receiver also requests that, in light of his satisfaction of the Court's terms in its *Stipulated Final Order of Permanent Injunction and Monetary Judgment*, Doc. 193, the receivership estate should be terminated as to the HSP Defendants.  Doc. 460 at 10–11.  Specifically, of the $201,078.13 in the receivership estate, the Receiver requests to disburse the

outstanding $61,149.80 that remains after payment of professional fees and costs to the Internal Revenue Service (80%) and Florida Department of Revenue (20%).  Doc. 479 at 3–4 (amending the original request that remaining assets be transferred to the FTC).  Because none of the parties oppose such relief, the Court finds that the Receiver has fulfilled the Court's terms and that the receivership estate should be terminated.  Thus, of the $61,149.80 that remains after the foregoing payment of fees and costs, the Internal Revenue Service should receive $48,919.84 and the Florida Department of Revenue should receive $12,229.96.  Finally, the Receiver should be discharged of any additional duties and authorities and the Receiver's bond be discharged.

## IV.  CONCLUSION

Accordingly, the Court recommends that the Florida Receiver's *Motion (I) for Payment of Fees and Costs; (II) to Terminate HSP Receivership Estate; (III) to Discharge Receiver From Any Further Duties and Authorities; (IV) to Discharge Receiver's Bond; and (V) to Transfer Assets to Federal Trade Commission*, Doc. 460, be **GRANTED**.

**SO RECOMMENDED** on September 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE