IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-458-L** |
| | § | |
| **IAB MARKETING ASSOCIATES, LP,** | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is the Florida Receiver's Motion (I) For Payment of Fees and Costs; (II) To Terminate HSP Receivership Estate; (III) To Discharge Receiver from Any Further Duties and Authorities; (IV) To Discharge Receiver's Bond; and (V) To Transfer Assets to Federal Trade Commission (Doc. 460), filed July 3, 2014; and the Florida Receiver's Unopposed (A) Supplement to Florida Receiver's Final Report; and (B) Amendment to Motion (I) For Payment of Fees and Costs; (II) To Terminate HSP Receivership Estate; (III) To Discharge Receiver from Any Further Duties and Authorities; (IV) To Discharge Receiver's Bond; and (V) To Transfer Assets to Federal Trade Commission (Doc. 479), filed August 22, 2014.

In his motion and final report, Florida Receiver John Arrastia, Jr. ("Florida Receiver") states that the terms of the temporary restraining order ("TRO") or preliminary injunction ("HSP Preliminary Injunction") entered in this case have been satisfied and the HSP Receivership Estate is ready to be closed. The Florida Receiver therefore requests in his motion, supplement to the motion, and amendment to the motion: (1) authorization to pay professional fees and expenses

incurred by the HSP Receivership Estate in the amount of $139,928.33;[1] (2) authorization to transfer and distribute 80% of the remaining assets in the HSP Receivership Estate to the Internal Revenue Service ("IRS") and 20% of the remaining assets in the HSP Receivership Estate to the Florida Department of Revenue ("FDOR")[2]; a discharge from any further duties in connection with the HSP Receivership Estate; and release of a surety bond paid by the Florida Receiver in the amount of $10,000.

On September 10, 2014, Magistrate Judge Renee Harris Toliver entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant the Florida Receiver's Motion. Specifically, the magistrate judge recommended that the court: (1) grant the Florida Receiver's request for $139,928.33 in fees and expenses incurred from October 31, 2012, to June 24, 2014; (2) terminate the receivership estate as to the HSP Defendants[3] and allow the Florida Receiver to disburse the funds remaining in the receivership estate, after payment of professional fees and costs, to the IRS in the amount of $48,919.84 (80% of remaining funds) and to the FDOR in the amount of $12,229.96 (20% of remaining funds); (3) discharge the Florida Receiver from any further duties; and (4) release the Florida Receiver's bond. No objections to the Report were filed.

---

[1] The Florida Receiver's motion and supplement indicate that a total of $159,928.33 for fees and expenses is being sought, but the Florida Receiver clarified to the magistrate judge's law clerk that this was a typographical error and that the amount actually sought is $139,928.33, as reflected in the billing records and invoices submitted in support of the motion.

[2] The Florida Receiver's request in the supplement and amendment to his motion for authorization to transfer the remaining assets in the HSP Receivership Estate to the IRS and FDOR **moots** his prior request to transfer these same assets to the Federal Trade Commission.

[3] The HSP Defendants include: Health Service Providers, Inc.; Magnolia Technologies Corporation d/b/a Health Service Providers; Magnolia Technologies Corporation d/b/a Health Service Providers; and Fav Marketing, Inc. d/b/a Health Service Providers.

**Order – Page 2**

Having reviewed the Application, file, record in this case, and Report, the court determines that the findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Florida Receiver's Motion (I) For Payment of Fees and Costs; (II) To Terminate HSP Receivership Estate; (III) To Discharge Receiver from Any Further Duties and Authorities; (IV) To Discharge Receiver's Bond; and (V) To Transfer Assets to Federal Trade Commission (Doc. 460); **grants** the Florida Receiver's Unopposed (A) Supplement to Florida Receiver's Final Report; and (B) Amendment to Motion (I) For Payment of Fees and Costs; (II) To Terminate HSP Receivership Estate; (III) To Discharge Receiver from Any Further Duties and Authorities; (IV) To Discharge Receiver's Bond; and (V) To Transfer Assets to Federal Trade Commission (Doc. 479); and **orders** as follows:

1. The Florida Receiver's request for **$139,928.33** in professional fees and expenses incurred from October 31, 2012, to June 24, 2014, is **granted**, and the Florida Receiver is **authorized** and **shall** pay the foregoing fees and expenses from the funds in the HSP Receivership Estate;

2. The Florida Receiver is **authorized** and **shall** transfer and disburse the funds remaining in the receivership estate, after payment of professional fees and expenses, to the IRS in the amount of **$48,919.84** (80% of remaining funds) and to the FDOR in the amount of **$12,229.96** (20% of remaining funds), by **November 7, 2014, 2014.** The pro rata payment to the IRS **shall** be payable to the "United States Treasury" and delivered to "Manuel P. Lena Jr., U.S. Department of Justice, 717 N. Harwood, Suite 400, Dallas, Texas 75201." The pro rata payment to the FDOR **shall** be made as directed by the FDOR;

3. Upon transfer of the remaining assets in the HSP Receivership Estate, the HSP Receivership Estate **shall terminate**; the Florida Receiver **shall be discharged** from any further duties and responsibilities under the TRO or HSP Preliminary Injunction; and the surety bond paid by the Florida Receiver in the amount of $10,000 **shall be released.**

**It is so ordered** this 7th day of October, 2014.

_____
Sam A. Lindsay
United States District Judge