IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br>    **Plaintiff,** | §<br>§<br>§ |
| *v.* | §   Civil Action No. 3:14-CV-0458-L-BK |
| | § |
| **IAB MARKETING**<br>**ASSOCIATES, L.P.,** *et al.***,**<br>    **Defendants.** | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, Doc. 502, the Court now considers the Texas Receiver's *Sixth Interim Status Report, Cash Based Accounting, and Sworn Motion Requesting Authorization to Pay Fees and Expenses*, Doc. 500. For the reasons that follow, it is recommended the motion be **GRANTED**.

This is a civil action prosecuted by the Federal Trade Commission ("FTC") against IAB Marketing Associates L.P. ("IAB") and others in connection with a telemarketing scheme. Charlene C. Koonce (the "Texas Receiver"), appointed pursuant to the Preliminary Injunction entered on October 9, 2012, Doc. 72 at 22, requests the Court enter an order authorizing her to pay from the Defendants' frozen assets the fees and expenses incurred by the Texas Receiver and her attorneys and accountants to perform the mandate of the Injunction through September 25, 2014. The Texas Receiver has also submitted a *Notice of No Objection*, Doc. 504, filed on October 21, 2014, reflecting that no objections were received during the conference on the Motion and none have been asserted following the date on which the Motion was filed.

In adjudicating an attorneys' fee award, a court first must calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana*

1

*Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *Louisiana Power*, 50 F.3d 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] Id. at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The Texas Receiver seeks approval of $46,562.81 in fees and expenses for: herself, Scheef & Stone LLP, and Whitley Penn, for the period ending September 25, 2014. Doc. 500-2 at 1, 8–9, 12; Doc. 500-4 at 17. The Texas Receiver has provided the Court with a list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. *See* Doc. 500-2; Doc. 500-3; Doc. 500-4. After a review the Texas Receiver's application, supporting materials, and applicable law, the Court finds that the requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

The Texas Receiver did not request an upward adjustment of her fee award. *See Johnson*, 488 F.2d at 717–19. The Court finds that no adjustment is necessary. For the reasons stated above, the Court finds that the Receiver should recover $46,562.81 in fees and expenses for the period ending September 25, 2014, as reasonable and necessary incident to the Receiver's duties performed in these proceedings.

Accordingly, the Texas Receiver's *Sixth Interim Status Report, Cash Based Accounting, and Sworn Motion Requesting Authorization to Pay Fees and Expenses*, Doc. 500, should be **GRANTED**.

**SO RECOMMENDED** on November 19, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE