IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,       § | |
|     Plaintiff,                                           § | |
|                                                                   § | |
| v.                                                                § | Civil Action No. 3:14-CV-0458-L-BK |
|                                                                   § | |
| IAB MARKETING                                     § | |
| ASSOCIATES, L.P., *et al*.,                  § | |
|     Defendants.                                    § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, Doc. 521, the Court now considers *Receiver's Final Report, Cash Based Accounting, Request for Authorization to Distribute Funds to the FTC, and Request for Other Miscellaneous Relief Incident to Closing Receivership*, Doc. 516, and *Receiver's Sworn Motion Requesting Authorization to Pay Fees and Expenses*, Doc. 517. For the reasons that follow, it is recommended that the motions be **GRANTED**.

This is a civil action prosecuted by the Federal Trade Commission ("FTC") against IAB Marketing Associates L.P. ("IAB") and others in connection with a telemarketing scheme. On October 10, 2014, the Court entered its *Stipulated Final Order of Permanent Injunction and Monetary Judgment*, which required the Receiver to file a final report with the Court detailing the steps needed to wind down the IAB Defendants' affairs. Doc. 501 at 26-27. Charlene C. Koonce (the "Receiver"), appointed pursuant to the *Preliminary Injunction* entered on October 9, 2012, Doc. 72 at 22, filed her final report on February 6, 2015, requesting the Court to enter an order authorizing her to pay from the IAB Defendants' frozen assets the fees and expenses incurred by herself and her attorneys and accountants in effectuating the mandate of the Court's orders through January 25, 2015. Doc. 516 at 17. The Receiver also requests that the Court dissolve the receivership and that she be discharged. Doc. 516 at 17-18. The motions are

effectively unopposed -- the FTC has no objections to such relief, and although, as detailed below, the IAB Defendants object to the language of the report, they do not object to the relief sought.  Doc. 516 at 19.  The Receiver has submitted a *Notice of No Objection*, Doc. 520, filed on March 10, 2015, reflecting that no objections have been asserted following the date on which the Motion was filed.

### A.  IAB's Objection

IAB objects to the Receiver's final report on a single basis -- that in recounting the factual background of this case, the Receiver should have conformed her recitation to the findings of fact agreed to by the parties and confirmed by the Court in the *Stipulated Final Order* [Doc. 501].  Doc. 518 at 1-2.  Specifically, IAB takes issue with the Receiver's statement that "James Wood and his family members operated the IAB entities without any regard to the effect of their fraud on IAB's members and creditors, and to fund their lavish life-styles and create shady tax advantages."  Doc. 518 at 3 (quoting Doc. 516 at 3).

As the Receiver correctly notes in her response to IAB's objection, no provision of the *Stipulated Final Order* suggests that the final report should or must be limited to the stipulations therein.  Doc. 519 at 1-2.  IAB has not offered any authority to support limiting the Receiver's authority to include whatever she deems appropriate in her report to the Court.  Moreover, IAB has not identified, and the Court has not found, any legal basis to refuse to accept the Receiver's report due to the factual recitations contained therein.  The limited issues before the Court at this stage of the case are whether to (1) grant the Receiver's fee request; (2) dissolve the receivership estate; and (3) discharge the Receiver.  Since IAB does not object to the amount of fees and expenses requested, the payment of funds to the FTC, or any other substantive relief that the Receiver seeks, IAB's objection should be **OVERRULED**.

### B. Fees and Expenses

In adjudicating an attorneys' fee award, a court first must calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *Louisiana Power*, 50 F.3d 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the 12 factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] *Id.* at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The Receiver seeks approval of a total of $61,682.08 in fees and expenses for herself, Scheef & Stone LLP, and Whitley Penn, her accounting firm, for the period ending January 25, 2015. Doc. 517-2 at 2-3; Doc. 517-3 at 7, 23, 34, 42; Doc. 517-4 at 1, 5, 9, 14. The Receiver has provided the Court with a list of services rendered to justify the claim for compensation, as well as an itemized invoice for the fees and expenses. *See* Doc. 517-2; Doc. 517-3; Doc. 517-4. After a review the Receiver's application, supporting materials, and applicable law, the Court

---

[1] The 12 factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

finds that the requested fees and hourly rates are reasonable and customary in the community and were reached after the exercise of appropriate billing judgment.

The Receiver did not request an upward adjustment of her fee award or the fees of her attorneys and accountants.  See *Johnson*, 488 F.2d at 717–19.  The Court finds that no adjustment is necessary.  For the reasons stated above, the Court finds that the Receiver should recover $61,682.08 in fees and expenses for the period ending January 25, 2015, as reasonable and necessary incident to the Receiver's duties performed in these proceedings.  The Receiver also requests that she be able to withhold an additional $56,500 for future fees and expenses she expects to incur in responding to creditor inquiries or objections and terminating the receivership estate.  Doc. 516 at 13-15.  The request is unopposed, and the Receiver should be allowed withhold $56,500 for such costs provided she hold the funds in trust and submits a supplemental report establishing the fees accrued and expenses incurred prior to expending or obligating such funds.

### B.  Other Relief

The Receiver also requests that, in light of her satisfaction of the terms of the *Stipulated Final Order*, her final report and accounting be approved and the receivership estate be terminated upon filing of a closing declaration.  Doc. 516 at 16-18.  Specifically, of the $186,887.33 in the receivership estate, the Receiver seeks permission to disburse to the FTC the $68,705.25 balance remaining upon payment of both current and anticipated fees and expenses.[1]  Doc. 516 at 17.  The Receiver further requests that the Court (1) expressly approve her and her agents' conduct in performance of the *Stipulated Final Order*; (2) authorize distribution of any

---

[1]  The Receiver's motion lists $67,705.25 as the amount to be remitted to the FTC, but $186,887.33, minus $61,682.08 for current fees and $56,500.00 for future fees, equals $68,705.25.

leftover funds to the FTC; (3) authorize her to file tax returns or reports as appropriate with any governmental agency; (4) authorize her to destroy all unnecessary books and records 120 after the acceptance of these findings; (5) authorize her to sell IAB's servers not earlier than 30 days after the Court rules on all creditor objections; (6) exonerate and release her bond upon filing of the closing declaration; (7) declare that the receivership estate has no liability to prepare or file any tax returns or reports for Defendants or pay any fees owed by the Defendants; (8) exonerate and release her and her agents from any and all further liability to the receivership estate upon filing of the closing declaration; (9) upon filing of the closing declaration, enjoin all persons from commencing any action, without leave of this Court, against the Receiver in connection with her service to this Court or the United States District Court for the Southern District of Florida; and (10) retain jurisdiction of this matter to enforce the injunction.

None of the parties oppose such relief, and the Court finds that the Receiver has fulfilled all court-ordered requirements and that the receivership estate should be terminated. Accordingly, the Receiver should be permitted to remit $68,705.25 to the FTC.

### C. Conclusion

The Court recommends that the *Receiver's Final Report, Cash Based Accounting, Request for Authorization to Distribute Funds to the FTC, and Request for Other Miscellaneous Relief Incident to Closing Receivership*, Doc. 516, and *Receiver's Sworn Motion Requesting Authorization to Pay Fees and Expenses*, Doc. 517, be **GRANTED**.  By its Order, the Court should approve:

(1) the Receiver's final report;

(2) the conduct of the Receiver and her counsel and agents in performing the mandate of the Preliminary Injunction and *Stipulated Final Order*; and

(3) the Receiver's Cash-Basis Accounting.

The Court should further authorize the Receiver to:

(1) release $61,682.08 for payment of fees and expenses accrued through January 25, 2015;

(2) withhold $56,500.00 for payment of future fees and expenses and pay such future fees and expenses following the FTC's review of invoices detailing such fees and expenses;

(3) immediately transfer $68,705.25 to the FTC;

(4) distribute to the FTC any funds remaining in the Receiver's possession following authorization to pay all accrued and future fees and expenses;

(5) file any tax returns, reports, or compliance documents that may be requested by any governmental agencies, and thereafter store the receivership documents until destruction of the documents is appropriate;

(6) destroy all books and records not necessary to support the tax returns filed by the Receiver 120 days after these findings are accepted; and

(7) sell the Defendants' servers, not earlier than 30 days after the Court rules on all creditor objections;

It should be ordered that:

(1) the receivership is closed upon filing of a closing declaration confirming the completion of all remaining tasks;

(2) the Receiver's bond shall be exonerated and released upon filing of the closing declaration;

(3) the receivership estate has no liability to prepare or file any reports or tax documents for International Marketing Holdings, LP, or pay any tax or fees owed by the same;

(4) the Receiver and her employees, agents, accountants, attorneys, and assistants shall be exonerated and released from any and all further liability to the receivership estate, defendants, creditors, claimants, or beneficiaries of the receivership estate upon filing of the closing declaration;

(5) all persons are enjoined from commencing or prosecuting, without leave of this Court, any action against the Receiver or her agents in connection with or arising out of the Receiver's service to this Court or the United States District Court for the Southern District of Florida in this receivership upon filing of the closing declaration; and

(6) this Court retains jurisdiction for the purpose of enforcing the injunctive relief granted.

**SO RECOMMENDED** on May 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE