**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | | |
| Plaintiff, | § § § | |
| **v.** | § | **Civil Action No. 3:14-CV-458-L-BK** |
| **IAB MARKETING ASSOCIATES, L.P.,** ***et al.,*** Defendants. | § § § § | |

**ORDER**

This case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on May 22, 2015, recommending that the court grant the Receiver's Final Report, Cash Based Accounting, Request for Authorization to Distribute Funds to the FTC, and Request for Other Miscellaneous Relief Incident to Closing Receivership (Doc. 516) and Receiver's Sworn Motion Requesting Authorization to Pay Fees and Expenses (Doc. 517). As of the date of this order, no objections to the Report have been filed.

Defendant IAB Marking Associates, L.P. ("IAB") objects to the Receiver's final report, contending that the Receiver should have confined her recitation of the findings of facts to those that were a part of the Stipulated Final Order. The magistrate judge recommends that the court overrule this objection because "IAB has not offered any authority to support limiting the Receiver's authority to include whatever she deems appropriate in her report . . . ." Report 2. The court agrees and **overrules** IAB's objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Receiver's Final Report, Cash Based Accounting, Request for Authorization to Distribute Funds to the FTC, and Request for Other Miscellaneous Relief Incident to Closing Receivership (Doc. 516) and Receiver's Sworn Motion Requesting Authorization to Pay Fees and Expenses (Doc. 517).

The court **approves**:

(1) the Receiver's final report;

(2) the conduct of the Receiver and her counsel and agents in performing the mandate of the Preliminary Injunction and Stipulated Final Order; and

(3) the Receiver's Cash-Basis Accounting.

The court **authorizes** the Receiver to:

(1) release $61,682.08 for payment of fees and expenses accrued through January 25, 2015;

(2) withhold $56,500 for payment of future fees and expenses and pay such future fees and expenses following the FTC's review of invoices detailing such fees and expenses;

(3) immediately transfer $68,705.25 to the FTC;

(4) distribute to the FTC any funds remaining in the Receiver's possession following authorization to pay all accrued and future fees and expenses;

(5) file any tax returns, reports, or compliance documents that may be requested by any governmental agencies, and thereafter store the receivership documents until destruction of the documents is appropriate;

(6) destroy all books and records not necessary to support the tax returns filed by the Receiver 120 days after these findings are accepted; and

(7) sell the Defendants' servers, not earlier than 30 days after the Court rules on all creditor objections;

The court further **orders** that:

(1) the receivership is closed upon filing of a closing declaration confirming the completion of all remaining tasks;

(2) the Receiver's bond shall be exonerated and released upon filing of the closing declaration;

(3) the receivership estate has no liability to prepare or file any reports or tax documents for International Marketing Holdings, LP, or pay any tax or fees owed by the same;

(4) the Receiver and her employees, agents, accountants, attorneys, and assistants shall be exonerated and released from any and all further liability to the receivership estate, defendants, creditors, claimants, or beneficiaries of the receivership estate upon filing of the closing declaration;

(5) all persons are enjoined from commencing or prosecuting, without leave of this Court, any action against the Receiver or her agents in connection with or arising out of the Receiver's service to this Court or the United States District Court for the Southern District of Florida in this receivership upon filing of the closing declaration; and

(6) this court retains jurisdiction for the purpose of enforcing the injunctive relief granted.

**It is so ordered** this 19th day of June, 2015.

Sam A. Lindsay
United States District Judge